S02Y1328. IN THE MATTER OF JAMES L. EASTHAM.
(573 SE2d 78)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Eastham violated Standard 23/Rule 1.16 (d) (lawyer shall refund an advance payment of fee that a lawyer has not earned); Standard 44/Rule 1.3 (lawyer shall not wilfully abandon or disregard a legal matter to the client's detriment); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information); and Rule 9.3 (lawyer shall respond to disciplinary authorities in accordance with disciplinary rules) of Bar Rule 4-102 (d). A violation of Standard 44/Rule 1.3 may be punished by disbarment, while a violation of Standard 23/Rule 1.16 (d) and Rules 1.4 and 9.3 may be punished by public reprimand.

Despite being personally served with the Formal Complaint, Eastham failed to timely respond and the facts alleged were deemed admitted by the special master pursuant to Bar Rule 4-212 (a). Based on Eastham's admissions, by virtue of his failure to timely respond, the special master found that Eastham knowingly violated Standard 44/Rule 1.3; Standard 23/Rule 1.16 (d); and Rules 1.4 and 9.3 of Bar Rule 4-102 (d) and recommended disbarment as the appropriate sanction. We agree.

The facts deemed admitted show that Eastham has been licensed to practice law in Georgia since 1985 but currently resides in Oregon; his official address with the State Bar of Georgia's member-

ship records was in Fulton County, Georgia; in September 1999, Eastham was retained to represent a client in a criminal matter and accepted $5,000 for his services; shortly thereafter, Eastham met with the client and filed a successful motion for bond on his behalf; after one subsequent contact, the client was unable to speak personally to Eastham again despite numerous attempts; eventually in April 2001, when the client attempted to contact Eastham to advise that he had received notice that his case had been placed on a pretrial calendar, he learned that Eastham's telephone number had been disconnected; Eastham never notified the client that he was moving or changing his telephone number; the client suffered worry and concern about the status of his case and had to find substitute counsel in 2001; Eastham never earned or returned the $5,000 retainer paid to him in connection with his representation of the client; Eastham failed to timely respond to these disciplinary proceedings despite having been served properly; and Eastham has a prior disciplinary record, having received a public reprimand on May 24, 1999.

. Considering those facts, we agree with the special master that Eastham knowingly violated Standard 44/Rule 1.3; Standard 23/Rule 1.16 (d); and Rules 1.4 and 9.3 of Bar Rule 4-102 (d). As aggravating circumstances, we note Eastham's dishonest or selfish motive and his substantial experience in the practice of law. We note no factors in mitigation and therefore we find that the facts in this case support the imposition of a significant sanction for the violations shown herein. Accordingly, it is hereby ordered that Eastham be disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 25, 2002.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.